The plaintiff is a dealer in used automobiles, and does business under various trade names at a number of different and distinct locations. The defendant insurer issued a policy to the plaintiff, insuring it against loss by fire and theft of automobiles "owned by the Assured and held for sale or used in repair service." Under the caption "Schedule of *Page 243 
Locations, Limits of Liability Thereat and Premium", appears the following clause:
"The following is the schedule of Named Locations and the limits of this Company's liability for loss or damage from any one casualty at each; also the limits of this Company's liability for loss or damage from any one casualty elsewhere."
Four named locations, two in Bridgeport, one in Stratford, and one in East Hartford, are then designated, with a different limit of liability, rate and premium prescribed for each location. Then appears the following clause, under the caption "Elsewhere":
"The limit of this Company's liability for loss or damage from any one casualty elsewhere than the above named locations shall not exceed the amount of loss or damage to not more than four of the insured automobiles;...."
On the night of October 3, 1938, a Buick sedan and a Ford coupe were stolen from a place of business owned and operated by the plaintiff at Waterbury, which was a location not named in the policy. The Buick sedan had been kept for sale in Bridgeport at one of the locations named in the policy, and on October 1, 1938, had been driven to the Waterbury location in response to a request from the plaintiff's manager at Waterbury, who had a prospective purchaser for it. The Ford coupe had been taken in trade at the Waterbury branch on the evening of October 3, 1938, as part payment of another car sold by it that evening, and had never been in any of the locations named in the policy.
The plaintiff seeks to recover damages for the loss of the two stolen automobiles on the ground that the loss is covered under the "elsewhere" clause above quoted; and the plaintiff contends that under this clause it may recover for loss or damage to any four automobiles owned and held for sale by it anywhere away from the locations named in the policy.
The extent to which a statement as to the location of personal property is an essential element of an insurance contract depends on the intent of the parties to the contract and the risk which the insurer may fairly be held to have intended to assume. 3 Couch, Insurance (1929) §§ 747, 747d.
The character of the property insured, the nature of the plaintiff's business and the plaintiff's object in effecting the insurance, *Page 244 
as well as the knowledge of the parties as to the manner in which automobiles insured under the policy would in all reasonable probability be moved about, are all to be considered in ascertaining the intent of the parties to the contract here in question. The circumstances attending the making of the contract lead to the conclusion that the parties contemplated that there would be frequent occasion for temporarily removing insured automobiles from the named locations for the purposes of demonstration and sale, or for other purposes naturally and necessarily incident to the plaintiff's business at such named locations. The risk assumed by the defendant insurer, under the policy, must therefore be held to have included losses occurring to insured automobiles while so temporarily removed as well as losses occurring at the named locations. Thus, in the absence of some limitation of its liability, the defendant would be liable for losses occurring while all of the automobiles insured under the policy might be located elsewhere than at the locations named in the policy. The "elsewhere" clause was therefore presumably incorporated in the contract for the purpose of limiting the insurer's liability for losses occurring away from the named locations to no more than the loss or damage to four of the insured automobiles.
Furthermore, while the automobiles insured under the policy are not specifically described, the designation of named locations in the policy must be held to evidence an intent to limit coverage under the policy to only such automobiles as were owned by the assured and held for sale or used in repair service at some one of the locations named in the policy. With respect to each named location there is fixed a separate maximum liability and a different rate, the premium charged for the different locations being presumably based according to the risk assumed at each. There is no warrant for holding that automobiles held for sale by the assured at its Waterbury branch, or at any other location not named in the policy, were among the risks assumed by the defendant under the policy.
The Ford coupe was at no time held for sale or used in repair service at any of the locations named in the policy and was therefore not one of the automobiles insured under the policy. The Buick sedan, however, was insured while held for sale at one of the named locations in Bridgeport. It was removed to Waterbury for the purpose of effecting a sale which did not materialize and was stolen before it could be returned to Bridgeport. Its removal to Waterbury was temporary and incidental *Page 245 
to the furtherance of the business conducted by the plaintiff at the named location in Bridgeport, where it had been theretofore held for sale. Under these circumstances it is concluded that the loss of the Buick sedan should properly be held to have been covered under the provisions of the "elsewhere" clause.
 It has been stipulated that $347.50 represents the plaintiff's loss with relation to the Buick sedan and judgment may enter for the plaintiff for $347.50 damages, and costs.